IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| In re:<br><br>**Alma Malloy**<br>**aka Alma Gause**<br><br>     Debtor,<br><br>**REVERSE MORTGAGE SOLUTIONS, INC.,**<br><br>     Movant,<br>v.<br>**Alma Malloy aka Alma Gause**<br> and<br>**WILLIAM MILLER*R, Ch. 13 Trustee**<br>     Respondents. | **Bankruptcy 16-17927-jkf**<br><br>**Chapter 13**<br><br><br><br>Related to: Doc. No(s). 62, 63, 66, 72<br><br>Hearing Date: 5/30/2018 at 09:30 AM |

STIPULATION RESOLVING MOTION
FOR RELIEF FROM STAY

AND NOW, comes Movant, REVERSE MORTGAGE SOLUTIONS, INC., by and through its undersigned counsel, Robertson, Anschutz, Schneid, PL, and, Debtor, Alma Malloy ("Debtor"), by and through her undersigned counsel, Michelle Lee, Esq. and together file this Stipulation Resolving Motion for Relief from Stay (the "Stipulation"), stating as follows:

1. The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Movant has an interest in Debtor's property more fully described as that certain real property located at 725 Bennington Ave, Folcroft, PA 19032 (hereinafter the "Property").

3. Secured Creditor filed a motion for relief from the automatic stay due to Secured Creditor's post-petition advancement of funds for taxes and insurance on the Property.

4. The motion for relief was denied by the Court and the parties were ordered to come to a resolution.

5. Debtor agrees to amend the Chapter 13 Plan to reflect the total arrears owed Secured Creditor in the amount of $13,692.31 to cure the lapse in pre-petition and post-petition property taxes and insurance paid by lender as of the date of this stipulation.

6. Both parties shall be responsible for her/its own legal fees and costs related to the Motions for Relief.

7. Debtor further agrees that she shall continue to make property tax payments as they become due unless she goes on a payment plan.  Debtor has up to one year after the taxes are due to go on a payment plan with

the Township and must provide proof of the payment plan to Secured Creditor.

8. Debtor is to maintain insurance coverage on real property. Debtor shall provide proof of insurance prior to the expiration of the current policy.

9. Secured Creditor is to send written notice to Debtor and her attorney prior to paying future taxes and insurance while Debtor is in the bankruptcy.

10. If Debtor defaults in any further payments, Movant may send Debtor and counsel a written notice of default of this Stipulation.  Movant may send the written notice by fax or e-mail, instead of or in addition to regular mail. If the default is not cured within fourteen (14) days of the date of the notice, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the Property without further hearing.  If Debtor sends a payment that is returned for insufficient funds, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the Property without further hearing. If the default is not cured by payment within fourteen (14) days of the date of mailing of the Notice of Default, Movant shall have the right to have an Order terminating the automatic stay entered.

11. In the event the instant bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code, the Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of such conversion. Should Debtor fail to cure said arrears within the ten day period, such failure shall be deemed a default under the terms of this Stipulation and Movant may send Debtors and counsel a written notice of default. If the default is not cured within ten (10) days from the date of the notice, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

12. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

Agreed to by:

By: /s/ Kevin Buttery
Kevin Buttery, Esq.
PA I.D.: 319438
6409 Congress Avenue, #100
Boca Raton, FL 33487
Tel: (561) 241-6901
Fax: (561) 241-1969
kbuttery@rascrane.com

Counsel for Movant

Dated: August 14, 2018

By: /s/ Michelle Lee
Michelle Lee, Esq.
PA I.D.: 202229
Law Offices of Georgette Miller Esq. PC
335 Evesham Avenue
Lawnside, NJ 08045
(856) 323-1100
Email: mlee@georgettemillerlaw.com

Counsel for the Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| In re: | Bankruptcy 16-17927-jkf |
|---|---|
| Alma Malloy<br>aka Alma Gause<br><br>Debtor, | Chapter 13 |
| REVERSE MORTGAGE SOLUTIONS, INC., | Related to: Doc. No(s). 62 |
| Movant,<br>v.<br>Alma Malloy aka Alma Gause<br>and<br>WILLIAM MILLER*R, Ch. 13 Trustee<br>Respondents. | Hearing Date: 5/30/2018 at 09:30 AM |

ORDER OF COURT

AND NOW, this 16th day of August, 2018, upon consideration of the foregoing Stipulation Resolving Motion for Relief from Stay, it is hereby ORDERED that the Stipulation is approved.
The Stipulation is between Reverse Mortgage Solutions Inc. and the Debtor.

BY THE COURT:

Judge Jean K. FitzSimon
U.S. Bankruptcy Court Judge